The State vs. Lavalley.

---

THE STATE vs. LAVALLEY.

1. The circuit court has power on an appeal from a justice of the peace, to require a new recognizance to be given, where the security on the recognizance, entered into before the J. P. is insufficient.

2. If upon an examination had by the court as to the sufficiency of the security, the security is sworn, and testifies falsely, it will be perjury.

3. To constitute perjury, it is not necessary that the evidence given should be material to the main issue before the court—it is sufficient if it be material to any collateral matter or enquiry.

4. If the court have jurisdiction of the parties and the subject matter, it is not necessary that the proceedings should be strictly regular, to constitute perjury.

APPEAL from Jasper Circuit Court.

McBRIDE, J. delivered the opinion of the court.

The defendant was indicted by the grand jury of Jasper county, at

the April term, 1844, for perjury. The indictment was found upon the following facts : Leiper sued Patten before a justice of the peace, and obtained judgment, from which Patten appealed to the circuit court. In the circuit court, Leiper filed a motion to compel Patten to give additional security in his recognizance, which coming on to be heard, the defendant Lavalley, who was the security of Patten in his recognizance, was introduced as a witness, and after being first duly sworn by the clerk of the circuit court, testified, that he, Lavalley, was worth in property, the sum of three hundred dollars, and that his entire indebtedness did not exceed ten dollars.

The defendant appeared to the indictment, and filed his motion to quash the same, assigning divers reasons therefor. His motion having been sustained, and the indictment quashed, the State took an appeal to this court.

We have examined the copy of the indictment set out in the record, and are of opinion that the first seven causes assigned, nor either of them, were sufficient to authorize the circuit court to quash the indictment ; some of them appear to have been made under a total misapprehension, whilst others are mere lifeless technicalities, having no substance in them. But the eighth cause is entitled to a more grave consideration, and is as follows : "Because there is no law authorizing the circuit court to entertain a motion to compel the appellant to give additional security in a recognizance."

The eighth article of an act entitled, "an act to establish justices' courts, and to regulate proceedings therein," Rev. C. 1835, p. 369, regulates appeals from the judgments of justices of the peace, and the proceedings thereon in the circuit court. The 12th section provides that "no appeal allowed by a justice of the peace, shall be dismissed on account that there is no recognizance, or that the recognizance given is defective, if the appellant will, before the motion to dismiss is determined, enter before the circuit court into such recognizance as he ought to have entered into before the allowance of the appeal, and pay all costs that shall be incurred by reason of such defect or omission."

It is presumed that the power exercised by the circuit court, in requiring the appellant to enter into a new or additional recognizance, was under the foregoing section. It is manifest, that if no recognizance had been given before the justice, the circuit court would have ample power to require one to be entered into, or dismiss the appeal. What difference is there between no recognizance, and one wholly insufficient to secure the liability of the appellant ? It may be said that the convenience, and interest of parties litigant, requires that the justice of the

The State vs. Lavalley.

peace who tried the cause, shall take the bond, and judge of the sufficiency of the security, and that great hardships might arise, by permitting the circuit court to require a good and sufficient bond to be filed, when perhaps the appellant lives remote from the county seat, and may have no friend at hand who will go his security; and so it might operate very inju.iously upon the appellee to be compelled to incur the additional costs consequent upon a trial in the circuit court, when he has no sufficient security for those costs. Rather than incur the additional costs of such trial, he might be driven to a dismissal of his action, and an abandonment of his claim. But then the statute gives the right of appeal, only on the ground that the appellant shall give sufficient security, and he has no just cause of complaint if the circuit court should compel him to do that which he should have done before the justice of the peace, and which alone entitles him to have his case re-examined in the circuit court.

A review of the history of the legislation on the subject of appeals from the judgment of the justices of the peace, evinces the desire of the legislature, that no defect, omission or error of the justice, shall operate an injury, or prejudice the rights of parties, provided it can be cured in the circuit court, before the determination of a motion to dismiss for such cause. This being the unquestioned spirit of our legislation, we cannot, without violating it, confine the power of the circuit court to defects in the form of the recognizance. Suppose the recognizance was defective in form, and insufficient by reason of the insolvency of the security, then the court would undoubtedly have the right to require the appellant to execute a new bond, good in form. Could the court reject the worthless, irresponsible security in the first bond, who had been approved of by the justice of the peace? If not, it would scarcely be necessary to amend the recognizance in form. If a security in a recognizance should become insolvent, or remove his effects from the State after he entered as security, has the circuit court no power to require a new bond to be given? Such a construction of the statute would prevent the ends of justice. But aside from these considerations, the words "defective" and "insufficient," although differing somewhat in signification, are frequently used indifferently by the legislature as meaning the same thing; and as applied to recognizances, there can scarcely be said to be be any distinction in fact.

But if the foregoing exposition of the statute be incorrect, and the circuit court had no legal right to require the appellant to give an additional recognizance, because of the insufficiency of the one executed

before the justice of the peace, how will the question under consideration stand upon general principle?

Perjury by the common law is a willful false oath, by one who being legally required to depose the truth in a proceeding in a court of justice, swears positively, in a matter material to the point in issue, whether he be believed or not; 1 Hawk. P. C. 68, § 1.

It is not every false oath which a party may take, which is regarded as perjury and punishable by law; such as oaths taken pefore persons acting merely in a private capacity, or before those who take upon them to administer oaths of a public nature, without a legal authority for their so doing; or before those who are legally authorized to administer some kinds of oaths, but not those which happen to be taken before them; or even before those who take upon them to administer justice by virtue of an authority, seemingly colorable, but in truth unwarranted and utterly void, because they are altogether idle and inoperative.

As in the case reported in Yelverton 111, where it is said to have been resolved by all of the justices of England in the Star-chamber, in the case of one Paine, of Middlesex, who was sued for perjury in the court of Requests, on his deposition in a case there depending, where the conveyance and title of land and freehold came in question, that this perjury was not punishable; for it is but a vain and idle oath, and not a corrupt oath; because the court of Requests have nothing to do with, nor can examine titles of land, which are, real, and are to be discussed and determined in the Kings' courts. So also it is held, in 3 Inst. 166, that where the court hath no authority to hold plea of the cause, but it is *coram non judice*, then perjury cannot be committed.

But it is clearly otherwise where the individual who administers the oath has legal authority to do so, or where the court before whom the oath is taken has jurisdiction of the subject matter in controversy, and of the parties, and the evidence given is material to the enquiry before the court. The circuit court of Jasper county had, by virtue of the appeal, jurisdiction of the parties and of the subject matter involved in the controversy; and it would be unreasonable to require that all the actings and doings of the court should be in strict conformity to law, before a party can be proceeded against for perjury committed before the court. It can be no legitimate defence for a party charged with perjury, to show that the court committed error in its proceedings, provided the court had jurisdiction; and a contrary doctrine would, we think, be attended with the most immoral and injurious consequences, if tolerated; it would change the parties and the issue, and instead of arraigning and trying the perjurer for false swear-

ing, the court would be called upon to review its own judgments and proceedings.

Neither can a party escape the penalty denounced against those who swear falsely, because his evidence was not given upon the trial of the issue between the parties litigant; for all false oaths taken, and which are material upon any and every collateral issue in the progress of a cause, are equally punishable as if taken upon the trial of the main issue.  As in the case in 1 Hawk. P. C. 320, where it is said, that "any false oath is punishable as perjury which tends to mislead the court in any of their proceedings relative to a matter judicially before them, though it no way affect the principal judgment which is to be given in the cause : as where a person who offers himself to be bail for another, knowingly and wilfully swears that his substance is greater than it really is."

The ninth reason for quashing the indictment is, "because the said Clark P. Lavalley was an incompetent witness on said motion, and the court had no authority to make him testify concerning it."

There is perhaps no authority vested in the circuit court to use any compulsory means to make a security in a recognizance, testify as to the extent of his means and his liabilities; but we apprehend that all which was done in this cause was to call upon the security to justify by his own oath; and if he had not seen proper to do so, the court would have rejected him.  This the court had a right to do, and if the party when called upon did testify, it cannot be said that the court made him do it, but it will be regarded as a voluntary act of his own.  It would be an exceeding hard case if the court really compelled the defendant to swear, and that he had necessarily to swear falsely, and then be subject to a criminal prosecution.

For the foregoing reasons we think the circuit court erred in quashing the indictment, and that its judgment should be reversed; and the other members of the court concurring, the judgment is reversed and the cause remanded.