## GUARANTEE INTERIOR FIXTURE COMPANY, Respondent, v. ST. LOUIS AMERICAN LEAGUE BASEBALL COMPANY, Appellant.

### Springfield Court of Appeals, January 3, 1911.

1. **APPELLATE PRACTICE: Transfer of Cases: Jurisdiction: Waiver.** Where a cause originates in a county within the jurisdiction of the St. Louis Court of Appeals, and is transferred from that court to the Springfield Court of Appeals and the parties file their abstracts and briefs in the latter court and make no objection to its jurisdiction, the question of the jurisdiction of the Springfield Court of Appeals is thereby waived.

2. **JUSTICES' COURTS: Pleading: Sufficiency of Statement.** A statement of account filed in a justice's court sets out that defendant is debtor to plaintiff for "4 boxes as per sketch, $140." *Held,* that this statement is sufficient after verdict where the objection to the statement is made for the first time in the appellate court.

3. ————: ————: ————. A statement filed in a justice's court at the commencement of an action need merely be definite enough to fairly inform defendant of the nature of plaintiff's demand, and to furnish a sufficient basis for a plea of former adjudication in the event a final judgment is rendered.

4. ————: ————: ————. In construing statements filed in a justice's court, great liberality should be observed, especially in cases where no attack is made on the sufficiency thereof until after verdict.

5. **APPELLATE PRACTICE: Instructions: Objections and Exceptions.** Where it appeared from the printed abstract that appellant merely excepted to the action of the court in giving an instruction on behalf of respondent, but it does not appear that any objection was made to the giving of this instruction, the action of the trial court in giving the instruction is not subject to review by the appellate court.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin,* Judge.

AFFIRMED.

*Lyon & Swarts* and *Dwight D. Currie* for appellant.

The statement filed by the plaintiff is insufficient. It does not comply with the requirements of section 3852, R. S. 1899. Brasheir v. Strock, 46 Mo. 221; Swartz v. Nicholson, 65 Mo. 508; Butts v. Phelps, 79 Mo. 302; Doggett v. Blanke, 70 Mo. App. 499; Boughton v. Railroad, 25 Mo. App. 10; Drug Co. v. Johnson, 80 Mo. App. 428; McCrary v. Good, 74 Mo. App. 425; Rechnitzer v. Voglesang, 117 Mo. App. 148; Rosenberg v. Boyd, 14 Mo. App. 429; Nutter v. Houston, 32 Mo. App. 451; Leas v. Express Co., 45 Mo. App. 598; Hill v. Ore & Steel Co., 90 Mo. 103.

*L. G. Pope* and *H. B. Davis* for respondent.

The statement filed in the justice court is amply sufficient and would be a bar to another suit, especially is this so after judgment. Allen v. Monagle, 77 Mo. 478; Quinn v. Stout, 31 Mo. 160; Coughlin v. Lyons, 24 Mo. 533; Strikland v. Buick, 41 Mo. App. 610; Weese v. Brown, 102 Mo. 299; Redel v. Stone Co., 126 Mo. App. 163; Printing Co. v. Belcher, 127 Mo. App. 133; Dalton v. Railways, 134 Mo. App. 395.

NIXON, P. J.—This case originated before a justice of the peace on the following statement:

"ST. LOUIS, Mo., April 12, 1909.
"St. Louis American League Base Ball Co., 701 Times Bldg.
   "To Guarantee Interior Fixture Co., Dr.,
      "Manufacturers of

"Bank, Office and General Store Fixtures.
"2800-2802 Dodier Street Telephone, Kinloch, Central.
2192.
"4 Boxes as per sketch $140.00.

"140.00 "

The defendant prevailed before the justice, but upon trial *de novo* in the circuit court the plaintiff obtained judgment for $140, whereupon defendant perfected an appeal to the St. Louis Court of Appeals. Before the appellant had prepared its abstract and brief, the cause was transferred to this court and the appellant filed its abstract and brief in this court as did the respondent. By filing the abstract and briefs in this court and making no objection whatsoever to its jurisdiction the parties submitted the case to us for determination.

The evidence showed that defendant's secretary, L. H. Rickart, in March, 1908, requested plaintiff to submit plans and figures on the manufacture of boxes to hold tickets to the reserve and box seats situated in defendant's grandstand at its ball park in the city of St. Louis; that plaintiff's representative, A. J. Rechten, called upon Mr. Rickart and was given to understand what was wanted, and it was agreed on the next day that the four boxes should cost $140. Defendant's evidence tended to show that it was understood the two smaller boxes were to weigh fifteen pounds each and the two larger ones eighteen pounds each so they could be readily carried about, one in each hand. Plaintiff's witnesses denied that anything was said to them concerning the weight of the boxes previous to the time they were delivered. When the boxes were delivered, the two smaller ones weighed forty-two and one-half pounds each and the larger ones fifty-two and one-half pounds each, and the defendant's president refused to pay for the boxes because they were too heavy. This litigation followed.

Only two points are urged for reversal. It is first contended that the statement filed by the plaintiff is insufficient. This objection is made for the first time in this court. In such case the judgment must be affirmed unless the statement be fatally defective and insufficient to support a judgment. [Jarrett v. Mohan, 142 Mo. App. l. c. 33, 126 S. W. l. c. 213, and cases cited.] In the Jarrett case we said, Judge GRAY delivering the opinion: "We heartily approve the declaration of Judge VALLIANT in Haseltine v. Smith, 154 Mo. 414, 55 S. W. 633, as follows: 'While the court is bound to sustain an objection of that kind, even at that stage of the case, if it is well taken, yet it does not look with favor on that practice. The fair way is to challenge the sufficiency of the petition in the beginning, and, if it is adjudged insufficient and is susceptible of amendment, the fault may be corrected. If a party lies in wait for his adversary, the court should not allow him an advantage that he could not have attained in the open field.'" In the case of Allen v. McMonagle, 77 Mo. 478, the following was held a sufficient statement of a claim for the conversion of certain sheep: "1879, John McMonagle, Dr. to S. W. Allen, To nine head of sheep, $25.00." So, in the case of Coughlin v. Lyons, 24 Mo. 533, on the following statement: "James Lyons and Edward Sullivan, partners as Lyons & Sullivan, to Peter J. Coughlin, Dr. 1855, Feb. 20, to 41 hams, 464½ lbs., at 10 cents, $86.45; 2 bbls. whiskey, 77½ gals., at 28 cts. $21.70; total, $68.15." In Quinn v. Stout, 31 Mo. 160, the statement which follows was adjudged sufficient: "B. F. Stout to Patrick Quinn, Dr. To one horse sold him on the 2d day of November last—$90.00. St. Louis, February 1, 1858." The authorities in this state are uniform in holding that the statement filed in a justice's court at the commencement of an action need merely be definite enough to fairly inform defendant of the nature of plaintiff's demand and to furnish a sufficient basis for a plea of former adjudication in

·event a final judgment be rendered. [Weese v. Brown, 102 Mo. l. c. 303, 14 S. W. 945; Redel v. Stone Co., 126 Mo. App. l. c. 167, 103 S. W. 568, and cases cited; Dalton v. United Rys. Co., 134 Mo. App. l. c. 395, 114 S. W. 561.] "And in construing such statements great liberality should be observed, especially in cases where no attack is made on the sufficiency thereof until after verdict." [Redel v. Stone Co., supra.] No doubt defendant by a proper and timely motion could have had the statement made more definite, or rather, more detailed, but it made no such motion, prepared for and went to trial and made a very creditable showing. Defendant apparently had no trouble in producing witnesses who knew all about the transaction out of which the suit grew. We think the statement sufficient to uphold the judgment.

The court, at plaintiff's request, gave the following instruction: "If you believe and find from the evidence that the plaintiff and defendant entered into a contract on or about the — day of March, 1908, for the plaintiff to make four boxes for tickets and a sketch of said boxes was delivered to plaintiff by defendant and that said boxes were made in accordance with the sketches and the defendant agreed to pay the sum of one hundred and forty dollars, you shall find for the plaintiff." Immediately after this instruction, in appellant's abstract, appear these words: "To which action of the court in so giving said instruction so offered by the plaintiff as aforesaid, the defendant, by counsel, then and there *duly excepted.*" Respondent claims that no *objection* was made to the giving of this instruction, and the abstract wholly fails to show the making of any objection. Our Supreme Court in the case of Sheets v. Iowa State Ins. Co., 226 Mo. 613, 126 S. W. 413, held that appellant must object to the giving of instructions before his exceptions will be availing. As the respondent is insisting on the application of this rule, so announced by the Supreme Court, we have to say that we are

bound by its authority and precluded from an examination of appellant's contention that the instruction is erroneous.

The judgment will be affirmed. All concur.