JOSEPH WALLACE, Respondent, v. PRUDEN-
TIAL INSURANCE COMPANY OF AMERICA,
Appellant.

St. Louis Court of Appeals, May 6, 1913.

1. **JUSTICES' COURTS: Pleading: Requisites of Statement.**
Formal pleadings are not required in actions instituted in a
justice's court, and a statement is sufficient if it affords rea-
sonable notice to defendant of the claim relied on and is defi-
nite enough to operate as a bar to another suit.

2. ———: **Life Insurance: Action on Industrial Policy: Sufficiency
of Statement.** In an action instituted in a justice's court on
an industrial life insurance policy, *held* that the statement af-
forded reasonable notice to defendant of the claim relied on
and was definite enough to operate as a bar to another suit,
and, therefore, was sufficient; *held, further*, that plaintiff, a
brother of insured, was entitled to recover, without amending
the statement, on the theory that insurer's agent agreed with
insured and plaintiff that, upon the death of insured, the
amount of the policy would be paid to plaintiff, although the
policy, on its face, was payable to the personal representative
of insured.

3. **LIFE INSURANCE: Industrial Policy: Authority of Agent:
Designation of Beneficiary.** Reason and justice require that a
life insurance company should be bound by the acts of an
agent who solicits industrial insurance, delivers the policy,
collects the weekly premium due thereon and is the only
representative of the company with whom the insured deals
or comes in contact; and hence a life insurance company was
bound by a statement made by its agent at the time an indus-
trial policy was issued, in response to a request by insured
that his brother be made beneficiary, that it was not necessary
that the brother be actually named as beneficiary and all that
was needed was for him to have possession of the policy, and
the brother, who had possession of the policy at the time of
insured's death, was entitled to recover thereon, although, on
its face, it was payable to the personal representative of in-
sured.

4. ———: ———: ———: ———: **Evidence: Varying Written
Instrument.** Where an industrial life insurance policy provided
that it should be payable to the personal representative of in-
sured unless payment should be made as provided for by the
so-called "facility of payment" clause, which authorized the

company to make payment to any relative or any other person equitably entitled to the same, parol evidence that the agent negotiating the insurance informed the insured and plaintiff, the insured's brother, whom the insured desired to make beneficiary, that the proceeds would be paid to plaintiff if he produced the policy, was not inadmissible as tending to vary the provisions of a written instrument, since the policy was not, by its terms, payable to the personal representative absolutely and in any event and the "facility of payment" clause provided that payment might be made to any one in the position of plaintiff coming within the class there designated.

5. **TRIAL PRACTICE: Credibility of Witnesses: Function of Jury.** The credibility of witnesses and the weight of the evidence are questions for the jury.

6. **LIFE INSURANCE: Industrial Policy: Enforcement: Policy of Law.** It should be the policy of the law to enforce industrial life insurance policies without administration where possible, since the chief object of this form of insurance is to provide a fund to defray funeral and last illness expenses, which will be available when needed and not be subject to the delay and costs incident to administration.

7. **————: ————: Representations of Agent: Designation of Beneficiary: Instructions.** In an action on an industrial life insurance policy which was payable to the personal representative of insured, where plaintiff, insured's brother, claimed as beneficiary by reason of an agreement made by insurer's agent with insured and plaintiff that, upon the death of insured, the amount of the policy would be paid to plaintiff if he was in possession of it at that time, the court instructed the jury, at the instance of plaintiff, that if the jury found that, at the time he applied for the policy, insured stated to insurer's agent that he desired it made payable to his brother, and the agent informed him that it would be payable to his brother or any other person who might present it to insurer after the death of insured *"and that the policies issued by the defendant were so payable to the person presenting the same after the death of the insured,"* their verdict should be for plaintiff. *Held,* that the clause italicized referred to the representations of the agent concerning the person to whom the policy was payable, and hence did not submit a question of law to the jury; *held, further,* that even if it could be held that the clause submitted a question of law, the error would not be prejudicial, since it would simply require the jury to find more than was necessary to entitle plaintiff to recover.

8. **INSTRUCTIONS: Submitting Question of Law: Harmless Error.** An instruction for plaintiff which submits a question

of law is not prejudicially erroneous if its only effect is to require a finding of more than is necessary to entitle plaintiff to recover.

9. **APPELLATE PRACTICE:** Damages · for Vexatious Appeal. Where an insurance company, sued on an industrial life policy, did not put forward any defense on the merits, and, although no just or reasonable ground for appeal existed, nevertheless appealed from the judgment rendered against it, *held* that ten per cent damages should be added to the amount of the judgment, for vexatious appeal, as authorized by Sec. 2084, R. S. 1909.

Appeal from St. Louis City Circuit Court.—*Hon.* *J. Hugo Grimm,* Judge.

AFFIRMED.

*Fordyce, Holliday & White* for appellant.

(1)  This case should be reversed because of the failure of the court below to give defendant's instruction in the nature of a demurrer to the evidence.  (2) The court erred in admitting over the objection of defendant's counsel the insurance policy offered by the plaintiffs, as this policy did not support the allegations of the petition, but showed on its face that it was payable to the executors or administrators of the insured.  Cosgrove v. Leonard, 175 Mo. 100; Gruell v. National Counsel, 126 Mo. App. 496; Compton v. Missouri-Pacific, 147 Mo. App. 414; Sommers v. Keller, 152 Mo. 626; White v. Chaney, 20 Mo. App. 389. (3)  The "facility of payment" clause in the policy gave the company an option to pay the benefit to others than the executors or administrators, but did not confer upon such others any right to sue for or collect the benefit.  Floyd v. Prudential Ins. Co., 72 Mo. App. 455; Kelly v. Prudential Ins. Co., 148 Mo. App. 249; Ferretti v. Prudential Ins. Co., 97 N. Y. Supp. 1007, 49 Misc. Rep. 489; Wokal v. Belsky, 53 N. Y. App. Div. 167, 65 N. Y. Supp. 815; Golden v. Life Ins. Co., 35 N. Y. App. Div. 569, 55 N. Y. Supp.

143; Life Ins. Co. v. Bank, 121 Mo. App. 479; Lewis v. Metropolitan, 178 Mass. 52; Brooks v. Metropolitan, 70 N. J. L. 36; Thomas v. Pruential Ins. Co., 148 Pa. St. 594; McNally v. Metropolitan, 199 Pa. St. 481. (4) The court erred in admitting over defendant's objection the testimony of an oral agreement that the policy should be payable to the plaintiff Joseph Wallace. Rhodus v. Life Ins. Co., 156 Mo. App. 281; White v. Chaney, 20 Mo. App. 389; Grisham v. Insurance Co., 130 Mo. App. 57; and authorities cited under point 2. (5) The court erred in giving instructions Nos. 1 and 2 of its own motion as these instructions submitted the case on an issue not raised by the pleadings. Black v. Railroad, 217 Mo. 672; Hufft v. Railroad, 222 Mo. 286; Christian v. Insurance Co., 143 Mo. 460; Lemaster v. Railroad, 122 Mo. App. 313; Bond v. Sandford, 134 Mo. App. 477. (6) Said instruction No. 2 was also erroneous in that it submitted a question of law to the jury. Coleman v. Roberts, 1 Mo. 97; River Co. v. Warner, 93 Mo. 384; Armstrong v. Railway, 62 Mo. App. 645.

*R. G. Meigs* and *Jno. B. Dempsey* for respondent.

(1) The court did not err in admitting the policy in evidence, the plaintiff having offered to submit evidence that at the time of making the contract of insurance a valid agreement was made that the plaintiff herein should be the beneficiary, and he did prove this fact. Renfro v. Insurance Co., 148 Mo. App. 259. (2) (a) Where a policy of insurance does not name a beneficiary and provides that "the production by the company of this policy, and a receipt for the same paid, signed by any person furnishing proof satisfactory to the company that he or she is an executor or administrator, husband or

wife, or relative by blood, or lawful beneficiary of the insured, shall be conclusive evidence that such sum has been paid to and received by the person or persons lawfully entitled to the same," any one of the parties named may recover on the policy by a proper showing of the relationship, though a beneficiary was named in the application, which has not been made a part of the policy. Life Ins. Co. v. Galvin, 24 K. L. Rep. 444, 68 S. W. 655. (b) If the name of the person for whose benefit the insurance is obtained does not appear upon the face of the policy, or if the designations used are applicable to several persons, or if the designation is imperfect or ambiguous, extrinsic evidence is admissible to ascertain the meaning of the contract; and when ascertained they will be deemed to be comprehended within it who were in the minds of the parties when the contract was made. So where the agent was told that the insurance was desired for the widow and heirs of the insured, the above rule was given direct application, and it was held not essential that they should be named in the policy. Bacon on Benefit Socities and Life Insurance (3 Ed.), sec. 263; Clinton v. Hope Ins. Co., 45 N. Y. 461; Meyers v. Life Ins. Co., 41 Mo. 538; Pace v. Pace, 19 Fla. 438; Beackman v. Imperial Council, 11 N. Y. Supp. 321; Renfro v. Life Ins. Co., 148 Mo. App. 258. (3) The acceptance of proofs of loss, of the policy and receipt book, the offer to pay to plaintiff the amount of the premiums paid in, he being a relative by blood of the insured, and therefore one of the persons designated in the policy constituted an election by the company to pay him and is binding upon the insurer. Andrus v. Insurance Assn., 168 Mo. 151.

ALLEN, J.—This is an action upon a policy of insurance. Plaintiff recovered, and defendant prosecutes the appeal.

The instrument sued on is what is known as an industrial policy, and purports to be payable to the executors or administrators of the insured, "unless settlement shall be made as provided in article 2 under the head of provisions." The clause of the policy last referred to is known as a "facility ·of payment" clause, providing that the insurance company may make any payment provided in the policy "to any relative by blood or connection by marriage of the insured, ·or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, for his or her burial or, if the insured be more than fifteen years of age at the date of this policy, for any other purpose, and the production by the company of a receipt signed by any or either of said persons, or of other sufficient proof of such payment to any or either of them, shall be conclusive evidence that such benefits have been paid to the person or persons entitled thereto, and that all claims under this policy had been fully satisfied."

The cause originated before a justice of the peace, and was instituted by plaintiff, Joseph Wallace, a brother of the insured, and one John Collins, an undertaker. They recovered before the justice, and the defendant duly appealed to the circuit court, where a trial was had before the court and a jury. During the trial the cause was dismissed as to said Collins, and proceeded to verdict and judgment in favor of plaintiff, Joseph Wallace, respondent in this court.

The policy in question was issued August 23, 1909, insuring the life of Willam L. Wallace in the sum of $176, in consideration of a weekly payment of ten cents. It provided that, in case of the death of the insured within six months after the issuance of the policy, only one-half of the benefits thereunder should be payable. The insured died on or about

January 26, 1910, all the weekly premiums under said policy having been paid.

The evidence shows that plaintiff was present at the time the policy in question was issued to the insured through one Taylor, an agent of the defendant company; that the insured wanted the policy made payable to plaintiff, and he and plaintiff requested that it be so issued, but the agent told them that this was unnecessary, saying, "the holder of every policy gets the money; you will get the money, all you have to do is to have the policy." It was shown that the agent solicited the insurance, delivered the policy, and collected the weekly premiums thereunder, and that the insured and plaintiff dealt solely with him in the premises. The plaintiff kept the policy until the death of his brother, when he went to Collins, the undertaker, and arranged with him to bury the insured, turning over the policy to him as security for the payment of the funeral expenses. The undertaker, at the instance and request of plaintiff, buried the deceased at an expense of $86.50, and through him proofs of death were furnished defendant and demand made for the payment of the amount due under the policy. The defendant refused to pay the amount due under the policy either to Collins or to plaintiff, but tendered to the latter two dollars and some cents, the amount of the premiums paid thereon.

During the trial in the circuit court, plaintiff asked leave to amend the statement upon which the cause was tried in the justice court, by inserting allegations to the effect that the defendant in issuing the policy, had, through its authorized agent, agreed with insured and plaintiff that in the event of the death of the insured the amount of the policy would be paid to plaintiff, Joseph Wallace, on production of the receipt book and policy. The court refused to permit this amendment, but admitted proof of the conversation with the agent, above mentioned.

Appellant assigns as error the admission of the policy in evidence, upon the ground that it did not support the allegations of the petition; the admission of testimony of the conversation with defendant's agent; the overruling of a peremptory instruction which it offered, in the nature of a demurrer to the evidence; and the giving of two instructions given by the court of its own motion.

I. We need not set out the statement originally filed in the justice court and upon which the cause was tried. The point that plaintiff could not recover upon the policy in evidence, under the allegations of the statement, is not well taken. In a cause originating before a justice of the peace formal pleadings are not required, and much latitude is allowed in the statement of the cause of action. It is well settled by a long line of decisions that a statement before a justice of the peace is sufficient (1) if it affords reasonable notice to the defendant of the claim relied on, and (2) is sufficiently definite to operate as a bar to another suit on the same cause of action. [See Lord & Bushnell Co. v. Railroad, 155 Mo. App. 175, 134 S. W. 111; Guaranty Interior Fixture Co. v. Baseball Co., 152 Mo. App. 601, 133 S. W. 849; Union Brewing Co. v. Ehlhardt, 139 Mo. App. 129, 120 S. W. 1193.] The statement before us is sufficient in these two respects, and the plaintiff was entitled thereunder to have his right to recover on the policy adjudicated, without the necessity of amending it.

II. The alleged error in admitting the testimony concerning the conversation had with defendant's agent, when the policy was issued and delivered, involves the question of the authority of the agent to bind the defendant company by any such oral agreement or representations in the premises, as well as the point made that such testimony tends to vary or

contradict the terms of the policy. It cannot be doubted, we think, that the defendant should be held to be bound by the acts of the agent under the circumstances of the case. It appears that the plaintiff and the insured relied entirely upon the statements and representations made by the agent with respect to the policy. They applied to him to have the plaintiff made beneficiary in the policy, and he assured them that under the terms thereof it was wholly unnecessary that plaintiff be actually named as beneficiary, but that all that was needed was for plaintiff to have possession of the policy in order to claim thereupon. Reason and justice require that the insurance company should be bound by the acts of an agent who solicits this character of insurance, i. e., "industrial insurance," delivers the policy, collects the weekly premiums due thereon, and is the only representative of the company with whom the insured ever deals or comes in contact.

This question has been recently passed upon by this court in Jones v. Insurance Company, 173 Mo. App. 1, wherein the court, speaking through NORTONI, J., said: "If it were competent for James to induce the insurance and collect the premiums and deliver the policy therefor, it was certainly competent for him to waive the condition of the policy, which waiver alone rendered the insurance valid to the use contemplated and which he utilized to the end of negotiating it. [See Wagaman v. Security, etc. L. Ins. Co., 110 Mo. App. 616, 85 S. W. 117.] Moreover, in answer to the suggestion that it is not competent as a rule for a mere soliciting agent to either waive such a condition of the policy or estop the company thereabout, the nature and character of the business and the authorized duties of such agents are to be considered. As before stated, the business of industrial insurance is conducted principally among people of the poorer classes, many of

whom are illiterate and but slightly informed concerning intricate business matters. . . . To the people with whom they deal, such agents are justly regarded as representatives of the company, with complete power touching the performance of the duties which they daily exercise in their presence. In these circumstances, it would seem, furthermore, that, the precepts of natural justice preclude the company, through the intervention of the principle of estoppel, from disputing the validity of the acts and conduct of such a soliciting agent, by which its patrons are induced to part with the premium which eventually finds its way into the home office till of the company. It is the high aim and purpose of the common law to afford adequate relief, to the end of effectuating a just result in the circumstances of every case. It should be administered, too, in every instance with reference to the peculiar facts of each case in connection with a degree of common sense from which the law itself is evolved. In this view, the acts and conduct of such agents in so far as they are put forward and performed in the fulfillment of their office, in negotiating insurance and collecting the premium thereon, should be regarded as those of the company."

This, we think, applies with full force to the facts of this case, regarding the agent's authority in the premises.

And the contention that testimony as to the conversation in question was inadmissible as tending to vary or contradict the written contract between the parties is without merit. The policy is not by its terms payable to the executors or administrators absolutely and in any event. The "facility of payment" clause provides that the company may pay to any one in the position of plaintiff, coming within the class there designated. An oral representation or agreement, therefore, that the company would pay plaintiff, provided he had the possession of the policy,

cannot be said to vary or contradict the terms of the written instrument.

III.  It follows that the demurrer to the evidence was properly overruled.  The testimony of plaintiff concerning the conversation with defendant's agent at the time the policy was issued prima facie established plaintiff's right to recover thereon.  It was for the jury to pass upon the credibility of the witness and the weight of the evidence.  It is the contention of appellant that the "facility of payment" clause merely gave the company the option to pay to one other than the executors and administrators, and that under the terms of the policy only the executor or administrator can sue to enforce the same. The latter is certainly not true in this case, where there is evidence that defendant's agent reprensented to plaintiff and the insured that the policy would be paid to plaintiff, if he had possession of it after the death of the insured.  Beyond this, we are not concerned with this point, upon which appellant lays so much stress.  We are aware of what this court has said concerning the "facility of payment" clause in such policies in the cases referred to by learned counsel for appellant, but since plaintiff may enforce the policy, as though he were named as beneficiary therein, the effect, in general, of such a provision is immaterial to the determination of the issues in this case.

We may say, however, that defendant has not paid the amount due under the policy to anyone.  It is not a case where the company has elected to pay some one appearing to be entitled thereto under the "facility of payment" clause, and asserts this in defense of the action.  Its position that it will pay only the executor or administrator comes, we think, with rather bad grace, when, by the very argument advanced by appellant it might have paid either the undertaker who buried deceased, or plaintiff who had the policy

and who obligated himself for funeral expenses, and been protected in so doing.

The chief aim and object of this form of insurance is to provide a fund to defray funeral and other expenses attendant upon the last illness of the insured, and one that will be available when needed for such purposes, and not be subject to the delay incident to administration and to be consumed in the costs and expenses thereof. The amount here involved, exclusive of interest, is eighty-eight dollars. If appellant has any real defense to the policy it has not asserted it, but is standing upon what it conceives to be its right to be sued only by the executor or administrator of deceased. As a result this small fund, instead of being at once available · for the payment of the undertaker's bill, has been the subject of litigation for more than three years. The courts should not lend their sanction to the attitude here assumed by defendant; and it should be the policy of the law, where possible, to enforce such policies of insurance without the necessity of administration.

IV. The point that the instructions submitted the case upon an issue not raised by the pleadings, i. e., whether or not insured and plaintiff were led to believe that the policy would be payable to any one who held it after the death of the insured, is disposed of by what we have said above concerning the statement filed in the justice court.

The · second instruction is assailed upon the ground that it submits an issue of law to the jury. The portion of this instruction, with which we are concerned, is as follows:

"The court instructs the jury that if they find from the evidence that at the time William L. Wallace made application for the policy of insurance referred to in the evidence he stated to the agent of the defendant that he desired to have it made payable to his

brother Joseph Wallace, and that said agent repre-
sented to him that the policy he would receive would
be payable to his brother or any other person who
·might present it to the company after the death of
said William Wallace, *and that the policies issued by
·the defendant were so payable to the person present-
ing the same after the death of the insured,* . . .
you will find a verdict in favor of plaintiff etc.''

It is contended that the portion of this instruction
which we have italicized above submits a question of
law. Appellant construes the language of the instruc-
tion to require the jury to find that defendant's policies
·''were so payable to the person presenting the
same,'' etc.; whereas, it is evident that this portion
of the instruction refers to the representations of the
·agent—that is to say, finding the other things men-
tioned, a recovery is authorized if the jury find that
the agent represented that the policy would be
·payable to plaintiff or any other person who might
present it, and represented that the policies issued by
defendant· were so payable, etc. But were we to
accept appellant's construction thereof, which indeed
would make it submit a question of law to the jury,
we are unable to understand how appellant could
possibly have been prejudiced thereby. It would simply
require the jury to find more than was necessary to
be found to entitle plaintiff to recover, and could. not
be error prejudicial to appellant.

V. · The appeal appears to be wholly· without
merit. We are asked to assess the statutory penalty
of ten per cent as for vexatious appeal, under section
2084, Revised Statutes 1909. Our conclusion is, that
it is a case coming within the purview of· that statute.
No defense whatsoever on the merits is suggested, and
we can find no just or reasonable ground for the ap-
peal, inasmuch as the judgment below in favor of
plaintiff would have fully protected appellant from

further claims on the policy. The judgment will therefore be affirmed, with ten per cent of the amount thereof added thereto, for vexatious appeal. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.