ERNEST G. SIMRALL, Respondent, v. AMERICAN MULTIGRAPH SALES COMPANY, Appellant.

Kansas City Court of Appeals, June 2, 1913.

1. CONTRACTS: Recission. The plaintiff sued to recover the sum of $125 advanced for the purchase of one of the defendant's type machines. The defendant failed to deliver a new machine to the plaintiff, but instead delivered one that had been rebuilt and much damaged. The plaintiff after discovering the defects demanded his money back or a new machine. This the defendant refused. The plaintiff electing to rescind, tendered back the machine and demanded the return of his partial payment. *Held*, that an offer to rescind a contract, in order to be immediately effective, must be unequivocal and unconditional.

2. ————: Statements Filed in Justice Court. The greatest liberality should be observed in construing statements filed in justice courts and where the statement discloses the nature of the transaction and there can be no doubt, but that the judgment entered thereon would afford a complete bar to any subsequent action for the same cause, it will be deemed sufficient.

3. ————: Recission: Partial Performance. When a party, in professed full performance of the contract of sale, delivered a machine which failed to meet the contractual requirements, he is guilty of a breach of contract that gave the other party to the contract the right to pursue one of two courses, either to rescind the contract or to accept the machine as partial performance and claim reimbursement from the defendant for the loss sustained in consequence of the breach.

4. ————: Waiver: Damages. A vendee may waive a recission or waive it conditionally and on the nonperformance of its condition may then rescind or resort to a demand at law for damages.

5. ————: Evidence: Parol Agreements. When parties enter into a written contract they are presumed to have given expression therein to their entire agreement, but where the instrument itself shows that such is not the case, or where it contains terms and expressions of doubtful or uncertain meaning, parol evidence is admissible, not to contradict, vary, or add to the written agreement, but to explain its ambiguities and to supply the agreements which the instrument itself discloses must have been intended by the parties to be a part of the contract.

Appeal from Jackson Circuit Court.—*Hon. O. S. Hill,* Special Judge.

REVERSED AND REMANDED.

*Ellis, Cook & Barnett* for appellant.

(1) Since the contract between the parties was in writing and identified a particular machine, and since there was no charge of fraud or mistake, the parol evidence offered by respondent tending to vary the terms of the contract was inadmissible. Dexter v. MacDonald, 196 Mo. 373; Textbook Co. v. Lewis, 130 Mo. App. 158; Plumb v. Cooper, 121 Mo. 668; Morgan v. Porter, 103 Mo. 140; State v. Hostow, 98 Mo. 358; Ins. Co. v. Wolfson, 124 Mo. App. 291; Strother v. Cooperage Co., 116 Mo. App. 518; Harrington v. Brockman, 109 Mo. App. 418; Neville v. Hughes, 104 Mo. App. 455. (2) Respondent's refusal to receive another machine complying with the terms of the contract in the place of the one complained of, was a waiver of respondent's right, if any, to complain of the condition and quality of the machine delivered. Berthold v. St. Louis E. C. Co., 165 Mo. 305; Gabriel v. Brick Co., 57 Mo. App. 526; Cousins v. Bowling, 100 Mo. App. 458; Law v. Paxton, 117 Mo. App. 544.

*Harry L. Jacobs* and *Joseph F. Aylward* for respondent.

(1) The statement filed contained sufficient allegations to admit the evidence. Union Brew. Co. v. Ehlhardt, 139 Mo. App. 129; Guaranty Co. v. Baseball Co., 152 Mo. App. 601; Tochstein v. Bimmerle, 115 Mo. App. 495. (2) Parol evidence was admissible to define the kind of article ordered, to add to a written contract omitted terms, to define words and symbols used therein and to determine the intent of the

parties. Huber Mfg. Co. v. Hunter, 78 Mo. App. 82; Ungerer v. Cheese Co., 155 Mo. App. 105; Pulitzer Pub. Co. v. McNichols, 153 S. W. 570; Printing Co. v. Graphite Co., 150 Mo. App. 392. (3) Plaintiff had a right to rescind the contract and did not waive the right. Gaus v. Mfg. Co., 42 Mo. App. 314; Jackson Co. v. Lowe, 72 Mo. 639.

JOHNSON, J.—This action was begun in a justice court on the following statement:

"Plaintiff for his cause of action against defendant states: That defendant is a corporation duly organized and existing under and by virtue of the laws of Ohio. That on or about the 27th day of September, 1910, the plaintiff ordered from the defendant one Gammeter Multigraph Elite Type Machine at and for the sum of $300, one tubing stand and one operator's stool at and for the sum of twenty-five dollars, for which plaintiff paid the defendant on account of said purchase the sum of $125; that the defendant has failed and refuses to deliver said machine, tubing stand and stool so ordered, to the plaintiff; that this plaintiff has demanded the return of the $125 so paid to the defendant, but payment has been refused. Wherefore, by reason of the foregoing premises plaintiff prays for a judgment against the defendant in the sum of $125 and for his costs in this behalf expended."

Defendant answered admitting the sale of the machine, tubing stand and operator's stool at the price of $325 and the payment of $125 on the purchase price and denying the other allegations of the statement. Defendant also filed a counterclaim in which it alleged the sale and delivery of the merchandise to plaintiff, the payment of $125 on the purchase price and the execution by plaintiff of his promissory note for $200 in payment of the remainder of the purchase price of the machine and prayed for judgment on that note. Plaintiff prevailed at the trial in the justice court and

again in the circuit court where the cause was tried without the aid of a jury and judgment was rendered for the full amount of plaintiff's demand and against defendant on its counterclaim. Defendant appealed.

On September 27, 1910, plaintiff went to the branch office of defendant in Kansas City and ordered, in writing, a certain machine described in the order as "1 No. 6926 Model 4 Gammeter Multigraph Elite type" for which he agreed to pay $300. Defendant's principal office and factory are in Cleveland, Ohio, and the order which was drawn on a blank form prepared by defendant directed defendant to ship the machine to plaintiff at No. 306 Hall Building, Kansas City. The face of the instrument contains the agreement "this order is made subject to all the terms, conditions and agreements on the back of this sheet which same are hereby made a part of the within order the same as though fully set forth" and on the back appears the stipulation "this contract covers and supersedes all conversation, statements, and agreements, expressed or implied between the parties, their agents or representatives, and is given subject to the approval of The American Multigraph Sales Company."

On signing this order plaintiff paid $100 on account of the machine and twenty-five dollars for the other merchandise included in the order and executed and delivered to defendant his promissory note as described in the counterclaim for the remainder of the purchase price of the machine. Defendant afterward delivered to plaintiff at his office in the Hall building a machine of the type and number stated in the contract, but the evidence of plaintiff tends to show that the machine delivered was not new but had been rebuilt and was worn and damaged. Immediately after discovering this fact, which was the next day after he received the machine, plaintiff went to the office of defendant and "demanded the return of the money or the machine which I had purchased." The demand

was refused and plaintiff, electing to rescind, tendered back the machine and demanded the return of his partial payment and on the refusal of defendant to agree to a rescission brought this suit which, in substance, is an action at law to recover money due a vendee in consequence of his lawful rescission of the sale. Over the objection of defendant the plaintiff was allowed to introduce evidence to. the effect that when he gave the order he was not shown the machine afterward delivered and that he agreed to pay the price on the understanding that he would receive a new machine of the type and description set forth in the order.

The agents of defendant in charge of the Kansas City office say that they had machine No. 6926 in the show window at the time the order was taken and that the order was for that particular machine but when asked pointed questions relating to the fact of whether or not plaintiff was shown that machine, they would not state that it was shown to him as the machine he was ordering. The machine in the show window was the one defendant afterward delivered to plaintiff and the findings of the court that it was rebuilt, was worn and damaged, and was not shown to plaintiff as the article called for in the order are abundantly supported by evidence.

We do not agree with counsel for defendant that the court erred in admitting the evidence tending to show an oral agreement that plaintiff was to have a new machine. Such evidence cannot be considered as violating the well-settled rule that evidence of a contemporaneous oral agreement is inadmissible to contradict or vary the terms of a written contract. When parties enter into a written contract they are presumed to have given expression therein to their entire agreement, but where the instrument itself shows that such is not the case, or where it contains terms and expressions of doubtful or uncertain meaning, parol evidence is proper, not to contradict, vary, or add

to the written agreement but to explain its ambiguities and to supply agreements which the instrument itself discloses must have been intended by the parties to be a part of the contract. We have here an instance where an order is given to a manufacturer for a machine of his manufacture. The written order is silent on the subject of whether the machine is to be new and in first class condition or rebuilt and in a worn and damaged condition, but the price stated is the price of a new article in perfect condition. We think the contract under such circumstances and the additional circumstance that plaintiff had no opportunity of inspection should be construed as binding defendant to deliver a new machine, but if this were not so, the silence of the contract as to this very important and material fact opened the door to parol evidence. The objection to the evidence in question was properly overruled.

The objection to the sufficiency of the statement to support the cause of action disclosed by the evidence is not well taken. The greatest liberality should be observed in construing statements filed in justice courts and where the statement discloses the nature of the transaction and there can be no doubt but that the judgment entered thereon would afford a complete bar to any subsequent action for the same cause, it will be deemed sufficient. [Brewing Co. v. Ehlhardt, 139 Mo. App. 129; Guarantee Co. v. Baseball Co., 152 Mo. App. 601; Redel v. Stone Co., 126 Mo. App. 163.]

The statement, in substance, called on defendant to meet the charge of a contract rescinded by plaintiff on the ground that the machine he bought had not been delivered to him. Certainly defendant was apprized of the nature of the cause it would have to defend and it is obvious that the judgment in this case would be a complete bar to any future action by plaintiff for the same cause or for one growing out of the same transaction.

The court refused to give the following declaration of law asked by defendant: ''The court declares the law to be that if the court sitting as a jury believes from the evidence that the Elite machine delivered to plaintiff by defendant was not the machine ordered by plaintiff, yet if the court so sitting further believes from the evidence that upon complaint from plaintiff that it was not the machine so ordered, defendant offered to give to plaintiff in place thereof another and new Gammeter Multigraph Model 4, Elite type machine, and that plaintiff refused to consider said offer and demanded his money back instead, then the finding of the court must be against the plaintiff and in favor of defendant upon the claim set out in plaintiff's statement of claim.'' The court also refused to give a similar declaration relating to the counterclaim.

Plaintiff testified that, on discovering that an old and damaged machine had been delivered, his first demand was for a rescission or for the delivery to him of a new machine. Defendant's evidence tends to show that its agent offered to take back the machine and to deliver another to plaintiff without additional expense to him and that plaintiff refused this offer. If defendant, in professed full performance of the contract of sale, delivered a machine which failed to meet the contractual requirements, it was guilty of a breach of contract that gave plaintiff the right to pursue one of two courses, viz., either to rescind the contract or to accept the machine as partial performance and claim reimbursement from defendant for the loss sustained in consequence of the breach. An offer to rescind to be immediately effective must be unequivocal and unconditional. According to plaintiff's admission his first offer was conditional. In effect he said to defendant ''I will waive my right to rescind on the condition of your immediate full performance of the contract, but if you fail or refuse to perform within a reasonable time, I will stand on my right to rescind.''

A vendee may waive a rescission or may waive it conditionally and on the nonperformance of the condition may then rescind or resort to a demand at law for damages. As we have shown the evidence of plaintiff is to the effect that defendant refused the opportunity offered by plaintiff and took the position that it had fully performed the contract, whereupon plaintiff elected to rescind, while the evidence of defendant tends to show that during the period plaintiff states he offered for a full performance of the contract, defendant offered full performance and the offer was rejected. If defendant's version of the contract is the true one, plaintiff would have no cause of action based upon a rescission of the contract and defendant would be entitled to judgment on its counterclaim. The declaration of law under consideration hypostatized facts which, coupled with the admission of plaintiff to which we have referred, entitled it to a judgment both on the cause of action and the counterclaim, and it was error to refuse that declaration. For this error the judgment is reversed and the cause remanded. All concur.