The Daniel & Henry Company, a Corporation, Respondent, v. F. Bierman & Sons Metal & Rubber Company, a Corporation, Appellant.—121 S. W. (2d) 200.

St. Louis Court of Appeals.    Opinion filed November 8, 1938.

*A. B. Frey* and *Melvin L. Hertzman* for defendant.

*Green, Henry & Green* for respondent.

BECKER, J.—Plaintiff company began its action on March 24, 1932, by filing a petition in a justice of the peace court in the city of St. Louis, where it alleged an indebtedness due it from the defendant in the sum of $427.72, "for premiums on workmen's compensation insurance for policies of said insurance issued by plaintiff to defendant."

Defendant by way of answer filed a general denial and a counterclaim, which, in light of the questions raised here on appeal, we need not set out.

From a judgment rendered July 25, 1933, in favor of plaintiff and against defendant on plaintiff's petition, and against defendant on its counterclaim, defendant in due course appealed to the circuit court, defendant filing and having approved the necessary statutory appeal bond.

It is conceded that shortly before September, 1936, the surety on the appeal bond lost all of his property by foreclosure and became insolvent. On September 22, 1936, counsel for plaintiff filed a motion to dismiss the appeal from the justice court on the ground that the surety on the bond "had not sufficient property to be qualified as a signer on a bond in the amount stated or in any amount."

The motion to dismiss was sustained and defendant's appeal from the justice court dismissed. Defendant in due course appeals and presents here two questions for our determination: First, whether or not the circuit court, in a case pending on appeal from a justice court, wherein an original appeal bond has been given in proper form and executed by a solvent surety and approved by the justice of the peace, has jurisdiction to require the giving of a new or additional bond upon the surety on the bond thereafter becoming insolvent; second, whether or not the petition or statement filed in the justice court stated facts sufficiently definite and specific to apprise the defendant of the nature of the claim against him, and to operate as a bar to another action on the same demand.

In support of the contention that the circuit court had no jurisdiction to require defendant to furnish an additional bond, since it is admitted that the bond as originally given was a valid and proper one, the defendant here argues that the appellate jurisdiction of the circuit court in cases originating in justice courts is purely derivative and statutory, and since there is no specific statute authorizing the circuit court to require a new bond, where the one originally given was valid, the circuit court has no inherent power to do so.

Section 22 of Article 6, of the Constitution of Missouri, relating, among other things, to the jurisdiction of the circuit court, provides

that the circuit court shall have concurrent jurisdiction with, and appellate jurisdiction from inferior tribunals and justices of the peace as is or may be provided by law.

Article 7, chapter 10, Revised Statutes of Missouri, 1929, provides for appeals to the circuit court from judgments rendered by a justice of the peace, and the proceedings thereon. Among the prerequisites required for taking an appeal from the justice court to the circuit court is that the parties seeking the appeal shall file an affidavit and an appeal bond; and section 2353, Revised Statutes of Missouri, 1929 (Mo. Stat. Ann., sec. 2353, p. 2455), provides that "no appeal allowed by a justice shall be dismissed for want of an affidavit or recognizance, or because the affidavit or recognizance made or given is defective or insufficient, if the appellant or some person for him will, before the motion to dismiss is determined, file in the appellate court the affidavit required, or enter into such recognizance as he ought to have entered into before the allowanc of the appeal, and pay all costs that shall be incurred by reason of such defect or omission, with respect to such affidavit or recognizance."

But even though it be conceded that section 2353 does not authorize the circuit court to require a defendant who had appealed from a judgment in the justice court against him to the circuit court, and has given and had approved the necessary appeal bond, to give a new bond in the event the surety on the bond becomes insolvent pending the trial of the case on appeal in the circuit court, we think such authority rests in the inherent power of the court.

The article which provides for appeals from justice courts to the circuit court makes provision for a statutory bond as a security for the respondent, the filing of such a bond acting as a *supersedeas,* and staying execution on the judgment appealed from. Necessarily the object of the bond is to give continued security throughout the pendency of the appeal and until final judgment in the case. Should then the right to a *supersedeas* still obtain after the bond has become insufficient by reason of the insolvency of the surety thereon? In other words, is it intended that because a bond measured up to the requrements of the statute at the time of the giving thereof, and at that time warranted a *supersedeas* and stay of execution, that the respondent is without any recourse whatsoever if thereafter the bond becomes worthless because of the insolvency of the surety? The effect and consequence of such a ruling would result in a denial of justice in many cases. The fact that such consequence would follow the interpretation contended for by appellant is a strong argument against its adoption.

In the early case of State v. Lavalley, 9 Mo. 824, our Supreme Court, in holding that the circuit court has power on appeal from the justice of the peace to require a new recognizance to be given,

where the security on the recognizance entered into before the justice is insufficient, said,

". . . If a security in a recognizance should become insolvent, or remove his effects from the State after he entered as security, has the circuit court no power to require a new bond to be given? Such a construction of the statute would prevent the ends of justice."

In American Brewing Co. v. Talbot, 135 Mo. 170, 36 S. W. 657, respondent filed his motion in the Supreme Court to vacate the *supersedeas* unless appellant gave a new appeal bond, on the ground that since the approval of the appeal bond the surety had become insolvent. In opposing this motion appellant insisted that the Supreme Court had no power to order a new bond or vacate the *supersedeas* under the statutes on the subject. The court held that though there was no express statutory authority for such action, that the inherent power of the court was sufficient authority in the circumstances there shown to vacate the *supersedeas* unless a new appeal bond were given.

"A statutory stay of execution fills the place of the writ of *supersedeas* under an older system of practice, though it is of much broader scope because of the administration of law and equity in Missouri in the same court. But we think no reasonable interpretation of the statutes on the subject will sanction the continuance of the stay where the security has become insolvent after the appeal bond has been once approved.

"The stay is subject to the order of the court in which the cause is pending, in accordance with the demands of justice and the obvious spirit of the statutes authorizing a stay.

"The order of court which produces a stay of execution is like other orders or process of the court; namely, subject to the control of the court, so that it shall not become an instrument of injustice. [Bryant v. Russell (1895), 127 Mo. 422, 30 S. W. 107.]

"Where the surety on an appeal bond becomes insolvent, after the bond has been duly approved, the appellate court, in which the cause is pending, may vacate the *supersedeas* unless the appellant will furnish a new bond, such as the statute obviously demands for a stay of proceedings on the judgment.

"Though there is no express statutory authority for such action, we think the inherent power of the court (under the general laws governing its organization) permits such an order, in the circumstances here shown. [R. S. 1889, secs. 6561, 3243; State ex rel. v. Rombauer (1891), 104 Mo. 619, 16 S. W. 502.]"

After careful consideration we are of the view and so hold that the order of the circuit court was a lawful and proper exercise of jurisdiction under the inherent power of the court and independent of any statute.

We next take up appellant's contention that the circuit court erred in entering judgment dismissing defendant's appeal because plaintiff's petition did not state facts sufficient to state a cause of action.

It needs no citation of authority that the question as to whether or not a petition filed in the justice court is fatally defective and insufficient to support the judgment, may be raised for the first time on appeal, but that the petition will be held sufficient if it is sufficiently definite and specific to apprise the defendant of the nature of the claim against him, and to operate as a bar to another action on the same demand. [Rundelman v. John O'Brien Boiler Works, 178 Mo. App. 642, 161 S. W. 609; Rechnitzer v. Vogelsang, 117 Mo. App. 148, 93 S. W. 326; Guarantee Interior Fixture Co. v. St. Louis Amer. League Baseball Co., 152 Mo. App. 601, 133 S. W. 849.]

Certainly the petition which plaintiff filed in the justice court apprised the defendant of the nature of the claim against him, namely, that the plaintiff alleged that the defendant was indebted to him in the sum of $427.72 for premiums on workmen's compensation insurance for policies of said insurance issued by plaintiff to the defendant, and, therefore, there is left for us but the question as to whether or not the petition is sufficient to bar another action on the same demand.

The petition was filed March 24, 1932, for premiums on Workmen's Compensation insurance for policies of said insurance issued by plaintiff to defendant. A judgment upon that petition would operate as a bar to any future action for premiums on Workmen's Compensation policies of insurance up to that date, and any premiums of that kind which may have been omitted from the claim plaintiff would be precluded by the judgment from recovering thereafter, since "a judgment concludes the rights of the parties with respect to the cause of action stated in the pleadings on which such judgment was rendered, whether the pleadings embraced all or only a portion of the demand involved in the cause of action. This is for the reason that a plaintiff may not separate one entire claim into two or more action whether it arises upon a contract or in tort." [Rundelman v. John O'Brien Boiler Works, supra.]

We accordingly rule that the subject-matter of the action is so far identified as to render the account sufficient to support the judgment. Having examined the only assignments of error before us, and having ruled them against appellant, the judgment should be affirmed. It is so ordered. McCullen, J., concurs; Hostetter, P. J., absent.