Adam Nebergall, Administrator, Appellee, v. The Prudential Insurance Company of America, Appellant.

Gen. No. 6,026.   (Not to be reported in full.)

Appeal from the Circuit Court of La Salle county; the Hon. Joe A. DAVIS, Judge, presiding.  Heard in this court at the October term, 1914.  Affirmed.  Opinion filed March 9, 1915.

## Statement of the Case.

Action by Adam Nebergall, as administrator of the estate of his son, Edward L. Nebergall, deceased,

against the Prudential Insurance Company of America, on a policy issued on the life of the deceased. A jury trial resulted in a judgment against appellant for the full amount of the policy and interest thereon, $284.08, from which the defendant appeals.

The policy, which was issued April 10, 1905, when he was sixteen years of age, at Ottawa, Illinois, where the insured resided with his parents, provided for the payment of a weekly premium of fifteen cents, and that it should be void in case of default of payment of premiums when due, except, that if the premium was not called for by a representative of the company, the insured might send it to the company before it should be in arrears four weeks; and in case of lapse for nonpayment of premiums, the policy might be revived within one year from date to which premiums had been paid, upon payment of arrears and showing present insurability of insured; otherwise all rights under the policy were forfeited in case of nonpayment of premiums when due.

The insured died as the result of an accident about two o'clock in the morning of April 11, 1911, while absent from Ottawa. His weekly premium due February 20, 1911, was paid March 15, 1911, and there was no payment until the day of his death, when one of his brothers, after hearing of the accident, but not of the death, went to the office of the company and paid $1.35, which was received by one Donovan, who gave a receipt for the same, reciting that the premium would again fall due April 17, 1911. The company afterwards returned thirty-five cents of this money and used one dollar of it to pay for a certified copy of the record of the coroner's inquest. Proofs of death were made and the company refused to pay on the ground that the policy was not in force at the time of the death, as it had lapsed and been forfeited.

The company admitted that if its practice and course of dealings with the insured and others, known to the insured, had been such as to induce a belief

that so much of the contract as provided for a forfeiture in a certain event would not be insisted on, that the company would not be allowed to set up such forfeiture as against one in whom its conduct had induced such belief.

The plaintiff showed that a number of times during the life of the policy, premiums had been received by the company when more, and some of them much more, than four weeks overdue, without the insured complying with the provision for reinstatement of members whose policies lapsed by nonpayment of dues; that insured had been absent from his home much of the time since the policy was issued, and that his premiums had been paid by his father or some other member of the family. The plaintiff also produced witnesses to prove the course of dealings of the insurer with other members of the family of the insured, and to show that there were nine children in the family; that they and their father carried policies in the defendant company, and that payment of premiums on such policies had, before the death of the insured, been accepted on various and different occasions, when from five to thirteen weeks in arrears, without a forfeiture being declared, and that this practice was known to the insured.

The following instruction offered by the defendant was refused:

"The court instructs the jury that the burden of proof to show that the policy introduced in evidence was in force at the time of the death of said Edward L. Nebergall, is on the plaintiff and he must prove that such policy was in force by the preponderance or greater weight of evidence."

McDougall, Chapman & Bayne, for appellant; Barr, McNaughton & Barr, of counsel.

Butters & Clark, for appellee.

Nebergall v. The Prudential Ins. Co. of America, 193 Ill. App. 189.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 350*—*when right to forfeit policy for nonpayment of premiums waived by insurer's conduct.* An insurer will not be permitted to assert a forfeiture of a policy of life insurance for nonpayment of premiums when due where its course of dealing with the insured has led him to believe that the provision for forfeiture would not be relied on.

2. INSURANCE, § 634*—*admissibility of evidence of custom to accept overdue premiums.* Where an assured was absent from home much of the time, it may be shown in an action on his policy, as tending to prove a course of dealing leading him to believe that a provision for forfeiture for nonpayment of weekly premiums would not be insisted on, that other members of his family who were also insured in the same company were, to the knowledge of the assured, in the habit of paying his and their own premiums without objection from the company, when from five to thirteen weeks in arrears.

3. INSURANCE, § 634*—*when custom to accept overdue premiums may be shown.* Where an assured was absent from home the greater portion of the time, and members of his family acted as his agent in paying not only his but their own weekly premiums, the habit of the insurer to accept payment without objection, when from five to thirteen weeks in arrears, may be shown in an action on the policy as tending to prove the waiver of a provision for forfeiture for nonpayment.

4. APPEAL AND ERROR, § 1245*—*when one who obtains rejection of competent evidence may not allege failure of proof.* That a necessary fact was not proved cannot be alleged by an appellant where the failure to do so was due to the sustaining of his objection to the admission of competent evidence.

5. INSURANCE, § 646*—*when waiver of forfeiture for nonpayment of premiums shown.* The evidence in an action on a policy of life insurance *held* sufficient to sustain a finding of the waiver by the insurer of a provision for the forfeiture of the policy for nonpayment of weekly premiums when due.

6. INSURANCE, § 350*—*when authority of agent to waive forfeiture for nonpayment of premiums ratified by insurer.* Notwithstanding that an agent lacked authority to waive a provision of a life insurance policy as to forfeiture for nonpayment of weekly premiums when due, yet it may be held from a course of dealing in re-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ceiving past due premiums from an assured, that the insurer knew of and ratified the act of the agent.

7. INSURANCE, § 379*—*when acceptance of premiums after assured's death revives forfeited policy.* The acceptance by an agent of the payment of premiums without knowledge of the death of the assured does not revive a previously forfeited policy of life insurance.

8. INSURANCE, § 664*—*sufficiency of evidence to show that insurer did not regard policy as forfeited.* The fact that an agent of an insurer, without knowledge of the assured's death, accepted and receipted for overdue premiums, tends to show that he did not regard the policy as then forfeited for previous nonpayments of premiums, although the amount of such payment was afterwards returned by the insurer.

9. INSURANCE, § 690*—*when refusal of instruction as to burden of proof not prejudicial.* The improper refusal of a requested instruction in an action on a policy of life insurance, as to the burden of proof to show that it was in force at the date of the assured's death, *held* not reversible error in light of the instructions given.