ALICE JAGGI, Respondent, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

St. Louis Court of Appeals, June 8, 1915.

1. APPELLATE PRACTICE: Review: Rulings on Demurrer to Evidence. In reviewing the refusal of the trial court to direct a verdict for defendant, the appellate court must view the evidence in the light most favorable to plaintiff.

2. INSURANCE: Forfeiture: Waiver. The law does not favor forfeitures, and where there is substantial evidence of facts from which it may be found that an insurer has waived a forfeiture clause in a policy issued by it, the matter is for the jury, under appropriate instructions.

3. LIFE INSURANCE: Forfeiture: Waiver by Retention of Premiums. Where the beneficiary of a life insurance policy paid premiums thereon, after nonpayment for a sufficient period to cause the policy to lapse, without furnishing evidence of the insurability of insured, as required by the policy, and insurer retained the same, insurer was precluded from insisting upon a forfeiture, since it could not retain the benefits and at the same time be permitted to deny the existence of the contract; and the fact that insurer's agent, in accepting the payments, gave a temporary receipt, stating that it was given on condi-

tion that insurer would not be liable on the policy unless it was in force when the payments were made, did not alter the situation; and likewise a tender of such premiums into court, after action was brought on the policy, was unavailing, because too late.

4. **INSURANCE: Damages for Vexatious Refusal to Pay: Question for a Jury.** The question of whether an insurer is chargeable with vexatious delay in refusing to pay a loss, rendering it liable, under Sec. 7068, R. S. 1909, for damages and an attorney's fee, is for the jury only when, from a general survey of all the facts and circumstances of the case, an inference can be drawn that the refusal was unjustifiable and vexatious.

5. ————: ————: **Sufficiency of Evidence.** In an action on a life insurance policy, defended on the ground that the policy had lapsed prior to the death of the insured by reason of non-payment of premiums, evidence that the beneficiary had paid premiums, but without furnishing insurer evidence of the insurability of insured, as required by the policy, and that insurer retained the premiums, thereby waiving the forfeiture, that formal demand for payment, with proof of death, was made on insurer, but payment was not made, was sufficient to warrant a finding that insurer had vexatiously refused to pay, justifying the allowance of an attorney's fee for plaintiff, under Sec. 7068, R. S. 1909.

6. **JUSTICES' COURTS: Appeal to Circuit Court: Questioning Plaintiff's Capacity to Sue.** On appeal to the circuit court from a justice's court, defendant does not, by failing to demur, waive the right to question plaintiff's capacity to sue.

7. ————: **Pleading: Effect of Appearance.** The appearance of the defendant in a justice's court raises the general issue.

8. **APPELLATE PRACTICE: Binding Effect of Trial Theory.** Even where a cause originates in a justice's court, a party cannot try his case on one theory in the circuit court, on appeal from the justice, and on another theory in the Court of Appeals.

9. ————: ————: **Life Insurance.** In an action on an industrial life insurance policy, instituted in a justice's court and appealed to the circuit court, where it was tried *de novo*, insurer not having, in the latter court, raised the point that plaintiff was not within any of the classes in the "facility of payment" clause in the policy and hence had no capacity to sue, would not be heard on such point in the Court of Appeals.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

191M.A.25

AFFIRMED.

*Fordyce, Holliday & White* for appellant.

(1)   This case should be reversed because of the failure of the court below to give defendant's instruction in the nature of a demurrer to the evidence, for: (a)   The plaintiff was not a designated beneficiary nor did she fall within any of the classes named in the facility of payment clause. Floyd v. Prudential Ins. Co., 72 Mo. App. 455, 459-60; Kelly v. Prudential Ins. Co., 148 Mo. 249; Ferretti v. Prud. Ins. Co., 97 N. Y. 1007; Wokal v. Belsky, 53 N. Y. App. Div. 167, 65 N. Y. Supp. 815; Golden v. Met. Life Ins. Co., 35 N. Y. App. Div. 569, 55 N. Y. Supp. 143. (b)   Proof clearly showed that the policy was lapsed and not in force on the date of the death of the insured. Lick v. Insurance Co., 79 Mo. App. 609; Gruwell v. Nat'l. Council, etc., 126 Mo. App. 496, 504; Barnes v. Continential Ins. Co., 30 Mo. App. 539; Ashbrook v. Insurance Co., 94 Mo. 72; Mooney v. Home Ins. Co., 72 Mo. App. 92; Smoot v. Life Assn., 138 Mo. App. 438; Gaterman v. American Life Ins. Co., 1 Mo. App. 300; 25 Cyc., 868-871; Stiepel v. German Am. Assn., 55 Mo. App. 224; Floyd v. Prud. Ins. Co., 72 Mo. 455; 25 Cyc., pp. 860-861; Wagaman v. Security Mut. L., 110 Mo. App. 616; Ashbrook v. Insurance Co., 94 Mo. 672; Howard v. Mut. Benefit Ins. Co., 6 Mo. App. 577; McGeehan v. Mut. Life Ins. Co., 131 Mo. App. 417; Leeper v. Franklin Life Ins. Co., 93 Mo. App. 602; Suess v. Imperial Life Ins. Co., 193 Mo. 564; James v. Mutual Reserve Life Assn., 148 Mo. 1; Wichman v. Insurance Co., 120 Mo. 58; Richards v. Insurance Co., 68 Mo. 590; 25 Cyc., pages 824, 848, 871-72. (2)   The court erred in admitting testimony as to conversations between the insured and the agent at the time the application for the policy was rendered. Embree v. Insurance Co., 62 Mo. App. 132; Hurr v. Railroad, 141 Mo. App. 217; Minnesota Thresh-

er Mfg. Co. v. Lbr. & Hdw. Co., 81 Mo. App. 255; Rho-
dus v. Kansas City Life Ins. Co., 156 Mo. App. 281,
284; Gresham v. National Life Ins. Co., 130 Mo. App.
57. (3) The court erred in refusing to admit defend-
ant's evidence as to the steps necessary to revive the
policy. 17 Cyc., pages 639, 668; Sanders v. Agricul-
tural Ins. Co., 39 N. Y. App. Div. 631, 57 N. Y. Supp.
683; Carr v. Jones, 29 Wash. 78, 69 Pac. 646; Willis
v. Fernald, 33 N. J. 206. (4) The court erred in giv-
ing plaintiff's instruction number 1. See authorities
under point 1a. (5) The court erred in refusing de-
fendant's instructions 2, 3 and 4. Farmers v. A. O.
U. W., 150 Mo. App. 347; Stiepel v. German American
Assn. Co., 55 Mo. App. 224; Wagaman v. Life Ins. Co.,
110 Mo. App. 616; Ashbrook v. Life Ins. Co., 94 Mo.
672; Garber v. Globe Mut. Life Ins. Co., 9 Fed. Cas.
1146; Aetna Life Ins. Co. v. Bradway, 90 Ill. App. 576;
Marshall v. Women's Mut. Ins. Co., 58 N. Y. Sup. 406,
11 N. Y. Supp. 700; 3 Cooley, Briefs on Insurance,
page 2398; authorities under point 1b.

*James J. O'Donohoe* for respondent.

(1) The plaintiff is the proper party to bring this
action. Wallace v. Insurance Co., 174 Mo. App. 110;
Renfro v. Insurance Co., 148 Mo. App. 258; Floyd v.
Insurance Co., 72 Mo. App. 455; Wilkinson v. Insur-
ance Co., 64 Mo. App. 172; Wilkinson v. Insurance Co.,
63 Mo. App. 404; Thomas v. Insurance Co., 158 Ind.
463; McCarthy v. Insurance Co., 162 Mass. 254; Insur-
ance Co. v. Young, 43 N. E. 253; Insurance Co. v. Gal-
vin, 24 Ky. 444; 68 S. W. 655; Pfaff v. Insurance Co.,
141 Pa. 562; Brennan v. Insurance Co., 170 Pa. 488;
Insurance Co. v. O'Farrell, 64 Kan. 278; Insurance Co.
v. Schaffer, 50 N. J. 72; Brooks v. Insurance Co., 70
N. J. 36. Parol evidence was admissible to show to
whom the proceeds of the policy would be paid in the
event of the insured's death. Wallace v. Insurance

Co., 174 Mo. App. 110; Renfro v. Insurance Co., 148 Mo. App. 258. Want of interest or capacity to sue can be raised only by demurrer, answer or other plea, and if not so raised are waived. Barber Asphalt Pav. Co. v. Young, 94 Mo. App. 204; State ex rel. v. Hunter, 46 Mo. App. 616; Beck v. Haas, 31 Mo. App. 180. A cause must be heard in the appellate court upon the same theory as that upon which it was tried in the trial court. St. Louis v. Wright Contracting Co., 210 Mo. 502; Laclede Nat. Bank v. Richardson, 156 Mo. 270. Upon the death of the insured, the defendant construed the policy to mean that the proceeds thereof should be paid to the plaintiff, and, having so interpreted its own contract, it is bound thereby. Andrews v. Insurance Co., 168 Mo. 166, 167; Rogers v. Indemnity Co., 173 S. W. (Mo.), 1089; Myton v. Fidelity & Casualty Co., 117 Mo. App. 442; Fuller Bros. v. Fidelity & Casualty Co., 94 Mo. App. 490. The question of insurable interest is not involved under the facts in the case. Locher v. Knechenmiester, 120 Mo. App. 701; Deal v. Hainley, 135 Mo. App. 507. (2) The policy was in force when the insured died and the court did not err in failing to give the instructions refused. The instructions given were correct and accurate. Andrus v. Insurance Co., 168 Mo. 151; Wichman v. Insurance Co., 120 Mo. App. 51; Reed v. Bankers' Union, 121 Mo. App. 419; Francis v. A. O. U. W., 150 Mo. App. 347; Godwin v. K. & L. of S., 166 Mo. App. 289; Nichols v. Insurance Co., 170 Mo. App. 437; Keys v. K. & L. of S., 174 Mo. App. 671; Manning v. Insurance Co., 176 Mo. App. 678. (3) Damages and attorney's fee were properly and accurately submitted. Stix v. Indemnity Co., 175 Mo. App. 175; Cox v. Insurance Co., 154 Mo. App. 464; Keller v. Insurance Co., 198 Mo. 440.

ALLEN, J.—This is a suit upon a policy of insurance—what is ordinarily termed an industrial policy—issued January 31, 1910, insuring the life of one Fred-

erick Beckley in the sum of $177. The insured died February 21, 1912, and this suit was instituted June 4, 1912. The cause originated before a justice of the peace, and found its way to the circuit court where upon a trial *de novo*, before the court and a jury, there was a verdict for plaintiff for the amount of the policy with interest, together with an attorney's fee of $50, making a total of $235.99. From a judgment rendered upon such verdict the defendant prosecutes this appeal.

The defense below was that the policy had lapsed for nonpayment of premiums according to its terms, and was not in force at the time of the death of the insured. It appears that the premiums were paid by plaintiff, the insured giving her the money therefor, up to December 4, 1911, after which date no premiums were paid until February 16, 1912. On the latter date plaintiff went to the office of the company in the city of St. Louis and paid $1.65, being the amount of the unpaid premiums then due. This sum was accepted by the defendant, plaintiff being given a "temporary receipt" which stated that the same was given upon the condition that the company would under no circumstances be liable under the policy unless it was in force in accordance with its terms when the said payment was made. The policy provides for a forfeiture if the premiums be in arrears for a period of more than four weeks; and that if the policy be lapsed for nonpayment of premiums it will be revived within one year from the date to which premiums have been paid, upon the payment of all arrears, provided evidence of the insurability of the insured satisfactory to the company be furnished it. And it appears that defendant's agents in the city of St. Louis entered the insured's name and the policy number upon its "lapsed policy schedule," and made a report to the home office of the company to the effect that the policy had become lapsed.

There is a sharp conflict in the testimony relative to plaintiff's transaction with the company in respect to the retention of the $1.65 above mentioned. Plaintiff's testimony is that the agent who ordinarily collected the premiums would not enter it in the receipt book held by her, assigning as a reason therefor the fact that the transaction had been had at the company's office, but gave her no further information; that she (plaintiff) was not informed that the company regarded the policy as lapsed or that there was any necessity of reviving it, and that she was entirely ignorant thereof. She further testified that she had never been tendered back the premiums so paid. During the trial defendant's counsel made formal tender of the premiums into court.

Further details of the evidence need not be stated, since the main question before us pertains to the ruling below upon the demurrer to the evidence, and for the purposes thereof the evidence is to be viewed in the light most favorable to plaintiff.

The trial court held, in effect, that plaintiff's evidence, if true, showed a state of facts such as to preclude the defendant from insisting upon a forfeiture of the policy. This holding we think was correct. The case made by plaintiff is one where the insurance company, with knowledge of the forfeiture, has accepted and retained the premiums for the nonpayment of which it is attempting to forfeit the policy. Manifestly its tender into court at the time of the trial would come too late, and avail it nothing. And if defendant so retained the premiums, it would matter not that it entered insured's name and policy number upon its lapsed policy schedule; nor would the conditional receipt given plaintiff afford it any protection. In Andrus v. Insurance Assn., 168 Mo. l. c. 165, 166, 67 S. W. 582, of such a receipt it is said:

"The conditional receipt in use by the company is a snare in itself. It acknowledges receipt of the

money. It keeps the money, but it says the policy is not reinstated by the acceptance of the money and shall continue to be null and void until the health certificate is filed, and until the president and medical director determine to reinstate the policy. The company must take one horn of the dilemma or the other. It cannot retain the benefits and deny the existence of the contract. If it does not wish the receipt of the premiums to have the effect in law of reinstating the policy or of preventing a forfeiture, it must refuse to receive the money until the health certificate is filed and until the president and medical director act.''

The law does not favor forfeitures; and where, as here, there is substantial evidence of facts from which it may be found that an insurer has waived a forfeiture clause in its policy, the matter is one to be referred to the jury under appropriate instructions. [See Nichols v. Ins. Co., 170 Mo. App. l. c. 449, 450, 155 S. W. 478; Francis & Hunter v. A. O. U. W., 150 Mo. App. 347, 130 S. W. 500; Reed v. Bankers' Union, 121 Mo. App. 419, 99 S. W. 55.]

We therefore hold that the court committed no error in its ruling on the demurrer.

Appellant complains of the action of the trial court in submitting to the jury the question of vexatious refusal to pay; it being urged that there is no evidence to justify the giving of such an instruction. The jury did not award anything by way of damages for vexatious refusal to pay, but, as said above, did allow an attorney's fee of $50. Section 7068, Revised Statutes 1909, which has so often been before our courts, provides that ''in any action against any insurance company . . . if it appear from the evidence that such company has vexatiously refused to pay'' the loss a court or jury may allow the plaintiff damages not exceeding ten per cent on the amount of the loss, and a reasonable attorney's fee. Our courts have gone very far in leaving to the discretion of the jury the mat-

ter of awarding such damages and attorneys fees. [See Keller v. Home Life Ins. Co., 198 Mo. l. c. 460, 461, 95 S. W. 903; Stix v. Indemnity Co., 175 Mo. App. l. c. 180, 157 S. W. 870.] However, it is doubtless true that the question of vexatious delay is for the jury only "when from a general survey of all of the facts and circumstances in the case an inference can be drawn that the refusal was unjustifiable and vexatious." [Patterson v. Insurance Co., 174 Mo. App. l. c. 44, 160 S. W. 59; Keller v. Insurance Co., supra, l. c. 460, 461.]

In the case before us there is sufficient, in our judgment, to make the matter one for the jury. It appears that formal demand was made upon the company, with proofs of death, on April 22, 1912. Defendant refused to pay; and the suit was instituted on June 4, 1912. The defendant had accepted the premiums in arrears, and the jury found that it had not tendered them back, whereby it waived the forfeiture. Ample opportunity was afforded defendant to pay the claim without litigation. Under such circumstances its refusal to pay may be found to be without reasonable cause and vexatious.

It is urged that plaintiff is not entitled to maintain this action; that the insurance is payable to the executors and administrators of the insured, who alone may recover on the policy. The policy has "a facility of payment" clause such as was involved in Wallace v. Insurance Co., 174 Mo. App. 110, 157 S. W. 1028, and Jones v. Insurance Co., 173 Mo. App. 1, 155 S. W. 1106, and which has been frequently before our courts. On behalf of plaintiff there was testimony to the effect that the insured requested defendant's agent who wrote the insurance, and with whom alone the insured dealt, to make plaintiff the beneficiary therein; and the testimony of the agent is that he told the insured that "the company had no beneficiary on that policy;" and that "the understanding was that whoever paid the insur-

ance was the beneficiary." As said above, plaintiff reg-
ularly paid the insurance with moneys given her by the
insured, according to her testimony; though it appears
that plaintiff with her own funds paid the $1.65 above
mentioned, paying the premiums for some weeks.

In Wallace v. Insurance Co., supra, following Jones
v. Insurance Co., supra, we held that under such a pol-
icy as this it was competent, under the circumstances
appearing, to show a special agreement with the agent
with whom alone the insured dealt, with respect to the
payment of the insurance. It is now urged that this
plaintiff does not fall within any of the classes men-
tioned in the facility of payment clause, by reason
whereof the case is to be distinguished from the Wal-
lace case. We are not prepared to say that this de-
fense would be available to defendant, under all of the
circumstances present. This we do not decide, how-
ever, for this record fails to disclose that the defend-
ant made this point below. It is true that defendant's
counsel objected to the testimony proffered by plain-
tiff to prove the agreement made with defendant's
agent aforesaid, and excepted to the action of the
court in admitting the same. But this testimony was
competent, at least as far as it went, under the rulings
in the Wallace and Jones cases, supra. Nowhere, so
far as this record shows, was the question raised be-
low that plaintiff, as is claimed, did not come within
the terms of the facility of payment clause; and it is
altogether clear that the trial court in no way passed
upon the same. During the trial defendant's counsel
announced in open court that his defense was that the
policy "was lapsed for nonpayment of the premiums
and never revived." The contention is that it was
not thereby intended to confine the defense within such
limits. The cause was on appeal from a justice of
the peace; and it is true that defendant did not waive
the right to question plaintiff's capacity to sue by
failing to demur. [See Wendleton v. Kingery, 110 Mo.

App. 67, 84 S. W. 102.] It does not appear that defendant filed any answer, but its appearance raised the general issue. The record does not show that the defendant at any time or in any way raised below the point that is now urged. Even where the cause originates before a justice of the peace a party cannot try his case on one theory below and upon another theory here. The proceedings at the trial show no reference whatever to the point that plaintiff was not within the terms of the facility of payment clause. Defendant's instructions, both those given and those refused, in no way suggest this question. Neither is there any point made concerning the same in defendant's motion for a new trial.

The cause was tried below by defendant upon the theory that the insurance had become forfeited by failure to pay the premiums; and it was urged that plaintiff was seeking to perpetrate a fraud by a payment of the final premiums which are now held constituting a waiver of the alleged forfeiture. But, as observed by the trial court in its memorandum filed in overruling the motion for new trial, no fraud appears in the case; and the real questions tried out below relate to the waiver of the forfeiture and to the recovery of attorney's fees for vexatious refusal to pay. And these are the questions discussed by the trial judge in his memorandum opinion filed as aforesaid.

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.