GEORGE W. HORSTMANN, Appellant, v. CAPITAL LIFE INSURANCE COMPANY OF COLORADO, Respondent.

St. Louis Court of Appeals, April 4, 1916.

1. WAIVER: Elements.    Waiver, in law, consists of the intentional relinquishment of a known right.

2. LIFE INSURANCE: Waiver of Default: Lack of Knowledge by Insurer.   Where a life insurance policy automatically lapsed and became forfeited by reason of the failure to pay a premium, a letter

written by the insurance company subsequent to the default and to the death of the insured (of which latter fact the company had no knowledge), addressed to insured and offering to assist him in carrying the policy by an extension of time, or by permitting quarterly payments, etc., was not a waiver of the forfeiture, since a waiver, in law, is the intentional relinquishment of a known right.

Appeal from St. Louis City Circuit Court.—*Hon. Thomas C. Hennings*, Judge.

AFFIRMED.

*Robert M. Zeppenfeld* for appellant.

(1) Unconditional negotiations for payment of premium after the time is past due, the request of payment of the same, negotiations as to how to meet same so as to avoid a forfeiture for the non-payment of premium, is evidence that the insurer has waived the right to consider the policy of insurance as forfeited and lapsed, and to the contrary is continuing the same in force. 2 Beach, Ins. 753; Equitable Life Assurance Society v. Ellis, 137 S. W. 184, 152 S. W. 635; Chicago Life Ins. Co. v. Warner, 80 Ill. 410; Reese v. Mutual Benefit-Life Ins. Co., 26 Barbour, 556; Bucklee v. United States Ins. Co., 18 Barbour, 541; Helme v. Phil. Life Ins. Co., 61 Pa. St. 107; Young v. Mutual Life Ins. Co., 2 Sawy. (U. S.) 325; Ripley v. Ætna Ins. Co., 29 Barb. 557; Goit v. National Protection Ins. Co., 25 Barb. 189; Baker v. Union Life Ins. Co., 6 Robt. 394; Boehm v. Williamsburg Ins. Co., 35 N. Y. 131; Bouton v. American M. L. Ins. Co., 25 Conn. 542; Pino v. Merchants, Etc., Ins. Co., 19 Lou. An. 214; Insurance Co. v. Webster, 6 Wall. 129; Fuller v. McMaster, 183 U. S. p. 35; Coppolletti et al. v. Citizens' Ins. Co., 143 N. W. 787; See 3 Cooley on Insurance, p. 2704; See 25 Cyc. of Law & Procedure, p. 870-B, note 79. (2) Waiver is an intentional abandonment of a known right and when once made cannot be recalled, and an attempt to collect a premium after maturity is a waiver of forfeiture. Brix v. American

Fidelity Co., 153 S. W. 789; Roberts v. Ins. Co., 94 Mo. App. 151; Fidelity Mutual Life Ins. Co. v. Goza, 78 E. E. 735; See 25 Cyc. of Law & Procedure, p. 870-B, note 79.

*Stewart, Bryan & Williams* for respondent.

(1) There was no waiver of the forfeiture. (a) Plaintiff's Exhibit C (the letter relied upon by plaintiff as a waiver) was not a demand for the payment of premium, but even if it had been it would not have constituted a waiver. Lynn v. Insurance Company, 78 Mo. App. 192; Marshall v. Missouri State Life Insurance Company, 148 Mo. App. 669; Mutual Fire Company v. Maple, 60 Ore. 359. (b) There can be no such thing as a waiver without knowledge of the facts upon which the rights alleged to have been waived are based. Bliss on Life Insurance, sec. 190; Patterson v. Equitable Life Assurance Society, 112 Ark. 171, 165 S. W. 454; Gifford v. Workmen's Ben. Ass'n, 105 Me. 17, 72 Atl. 680; Assurance Co. v. Building Ass'n, 183 U. S. 308; Bowers on Waiver, 311. (c) Particularly is this true, since this letter relied on as a waiver was written after the death of the assured and when the defendant was in ignorance of such death. Hyatt v. Fraternal Home, 99 Mo. App. 105; Mobile Life Insurance Co. v. Pruett, 74 Ala. 487; United Order Golden Cross v. Hooser, 160 Ala. 334; Patterson v. Equitable Life Ins. Co., 112 Ark. 171, 165 S. W. 454; Supreme Lodge v. Jones, 35 Ind. App. 130; Harle v. Council Bluffs Ins. Co., 71 Ia. 401; Kennedy v. Metropolitan Life Ins. Co., 116 La. Rep. 66; Franklin Life Ins. Co. v. McAfee, 28 Kentucky Law Rep. 676, 90 S. W. 216; Potter v. Continental Ins. Co., 107 Ky. 326; Gifford v. Workingmen Ben. Ass'n, 105 Me. 17, 72 Atl. 680; McMartin v. Continental Ins. Co., 41 Minn. 198; Royal Highlanders v. Scoville, 4 L. R. A. (N. S.) 421; Ware v. Ins. Co., 45 N. J. Law 177; Matthews v. Travelers Ins. Co., 73 Ore. 278, 144 Pac. 85; Johnson v. Continental Ins. Co., 119 Tenn. 598, 107 S. W. 688; Bennecke v. Insurance Co., 355; Cardwell v. Republic F.

Ins. Co., Fed. Cases No. 2396; M'Geachie v. North American Life Ins. Co. (Ont. Court of Appeals), 20 A. R. 187; affirmed by Supreme Court of Canada in 23 S. C. R. 148; Life Insurance Co. v. Gordon, 20 A. R. 309; Edwards v. Imperial Life Assurance Society, 60 W. R. 170; Pritchard v. Life Assurance Society, 3 C. B. (N. B.) 622; Stuart v. Freeman, 87 Law Times 516; Bliss on Life Insurance, sec. 190; 3 Cooley's Briefs, pp. 2695, 2722, 2729.

ALLEN, J.—This is a suit upon a policy of insurance issued by the defendant insurance company upon the life of one August Goerts, on August 6, 1909. It appears that Goerts was indebted to plaintiff, an agent and local manager of defendant, and being unable to otherwise secure the indebtedness, he obtained, through plaintiff, this policy for $2000 upon his life, paid the first annual premium thereon, and assigned the policy to plaintiff. The policy in terms provides that an assignment thereof shall not be binding upon the company until it is filed at the company's home office. The assignment thereof to plaintiff was not so filed, and defendant had no knowledge that plaintiff had or claimed any interest therein.

The record discloses that the second annual premium which was due on August 6, 1910, was never paid. By the terms of the policy a grace of one month was allowed for the payment of premiums, subsequent to the first premium, during which time the insurance remained in force. This period of grace, for the payment of the second annual premium, elapsed on September 6, 1910, the premium remaining unpaid; and by the terms of the policy the insurance became thereby forfeited. On September 24, 1910, Goerts died. Prior to the death of the assured defendant had not communicated with him in any way regarding the payment of this second annual premium, but on September 27, 1910, i. e., three days after the death of the assured, defendant, being ignorant of such death, mailed the following letter from its home office in Denver, Colorado, addressed to the assured at his residence in the city of St. Louis, viz:

"Dear Sir:

"When you applied for your policy we are sure that you were satisfied as to the many advantages contained in the contract, both for yourself, family and estate, and that you did not intend to lapse or discontinue it at this early date. The amount of the premium is $51.08.

"It occurs to us if you are finding it inconvenient to meet the whole of your premium at this time we can suggest some means of assisting you, such as granting an extension of several months accompanied by a small cash payment, or making the premium payable semi-annually or quarterly.

"You cannot lapse this policy without loss to yourself or your dependents, therefore, WRITE us TODAY. TOMORROW may be too LATE."

At the close of plaintiff's case, a demurrer to the evidence was interposed by defendant, which was over-ruled; but at the close of all the evidence in the case, defendant offered a like demurrer, which was sustained. Plaintiff thereupon took a nonsuit, and, after unsuccessfully moving to set it aside, appealed.

While questions relating to the validity of the assignment, and to plaintiff's right to recover upon a policy thus procured by him in the company which he represented, are discussed in the briefs, we need not consider them in the view which we take of the case. That the policy automatically lapsed by its terms, and the insurance became forfeited, by reason of the failure to pay the second annual premium on or before September 6, 1910, cannot be doubted. But it is argued by appellant that defendant's letter of September 27, 1910, quoted above, constitutes such evidence of a waiver of the forfeiture as to make this matter a question for the jury. But as this letter was written after the death of the insured, defendant having no knowledge of the death, we do not perceive how any waiver of the forfeiture may be predicated thereupon. Waiver in law consists of the intentional relinquishment of a known right. And before a waiver can be found it must appear that the act relied upon as constituting it was done with knowledge of all

the material facts which would probably have influenced the conduct of the party against whom the waiver is asserted. Had defendant known that the assured was dead, the letter, of course, would not have been written; and not having had knowledge of this material fact, defendant cannot be held to have waived its rights under the policy by writing the letter. The policy, by its terms, lapsed on September 6, 1910; and the death of Goerts thereafter, without anything having been done in the meantime to operate as a waiver, fixed the rights of the parties to the contract of insurance. While the defendant could still voluntarily waive any or all of its rights in the premises, no such waiver can be predicated upon a letter subsequently written by defendant in the belief and upon the implied understanding that the assured was then alive. The following authorities, relied upon by respondent fully sustain these views, viz: Patterson v. Equitable Life Assurance Society, 112 Ark. 171, 165 S. W. 454; Kennedy v. Metropolitan Life Ins. Co., 116 La. Rep. 66; M'Geachie v. North American Life Ass. Co., 20 Ontario App. 187; Mobile Life Ins. Co. v. Pruett, 74 Ala. 487; United Order, etc. v. Hoover, 160 Ala. 334; Harvey v. Grand Lodge A. O. U. W., 50 Mo. App. 472; Bliss on Life Insurance, sec. 190.

Appellant places much reliance upon the decision in Chicago Life Ins. Co. v. Warner, 80 Ill. 410. But in so far as the ruling in that case conflicts with the views expressed above we must respectfully decline to follow it.

Appellant's reasoning is that the letter is evidence that from September 6, 1910, to the date of the insured's death, the defendant continued to carry the policy on its books as in force, the forfeiture being waived. But we think that this argument is fallacious, for the reason, if none other, that the letter cannot be construed to mean more than that defendant was at all times willing to accept the premium provided that the assured was alive at the time and complied with the rules and regulations of the company regarding reinstatement, in so far at least as the company might see fit to insist thereupon. And the evidence shows that the company's rules re-

quired that an application and a health certificate accompany the premium, in such cases. But aside from this, to establish a waiver it devolved upon plaintiff to show some outward act on the part of defendant manifesting an intention to waive the forfeiture and done with full knowledge at the time of all of the facts which might be reasonably expected to have influenced its conduct in the premises.

The judgment must be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.