### Otto Freise, Appellee, v. Metropolitan Life Insurance Company, Appellant.

#### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the March term, 1917. Affirmed.· Opinion filed June 18, 1917.

#### Statement of the Case.

Action by Otto Freise, plaintiff, against the Metropolitan Life Insurance Company, defendant, to recover a policy upon the life of one John F. Freise. From a judgment for plaintiff for $336, defendant appeals.

WILLIAM P. LAUNTZ, for appellant.

Flannigen & Zulley, for appellee; Edward C. Zulley, of counsel.

Mr. Presiding Justice McBride delivered the opinion of the court.

## Abstract of the Decision.

1. Insurance, § 365*—*when company precluded from setting up forfeiture of life policy for failure to pay premiums on time.* In an action to recover upon a life insurance policy, where it appeared that premiums were payable weekly; that the policy provided that it should be incontestable after two years; that a grace of four weeks should be granted for the payment of every premium after the first; that the acceptance of any overdue premium should not create an obligation to receive premiums in arrears over four weeks; that a policy which had become void for nonpayment of premiums might be revived if not more than fifty-two premiums were due, upon a showing of sound health, and, in at least three or more instances the premium money was collected and receipted for in the pass book after the expiration of the days of grace, contrary to a further provision that agents had no power to waive forfeiture or receive overdue premiums or to receipt for the same, and at the time of the death of the insured the premium was about two weeks overdue, and when an agent of the company called for the premium and was informed of the death of the insured, he refused to accept any money and thereafter the beneficiary made payment at the office of the company and obtained a receipt without saying anything about the death of the insured, *held* that the company was precluded from setting up such forfeiture.

2. Insurance, § 321*—*when company estopped to take advantage of forfeiture.* Forfeitures of life insurance policies are not favored and will never be enforced unless the evidence is clear that such was the intention; and where the conduct and dealings of the insurance company with the assured is such as to induce the assured to believe that a forfeiture will not be insisted upon, then such insurance company will be estopped from taking advantage thereof.

3. Insurance, § 321*—*right to waive forfeiture for failure to pay premiums on time.* A life insurance policy does not necessarily become void if the premium is not paid when due, and the company has the undoubted right to waive the forfeiture if it deems proper and dispense with a prompt payment of the premium at any time.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. INSURANCE, § 365*—*what is evidence that company is not relying upon failure to promptly pay premiums as forfeiture of policy*. In an action upon a life insurance policy, where it appeared that, after the death of the assured, the beneficiary paid an overdue premium at the office of the company without saying anything about the death, and where the policy had not then forfeited, *held* that such facts were evidence that the company was not relying upon the failure to make prompt payment as a forfeiture of the policy.

5. INSURANCE—*waiver of provision that forfeiture cannot be waived except by agreement signed by certain officials*. A clause in an insurance policy, providing that a forfeiture cannot be waived except by an agreement signed by certain officials of the company, is for the benefit of the insurer, and, like any other clause or condition, is subject to waiver, and the provisions of such condition have reference only to the express condition of waiver of forfeiture, and not to a waiver claimed to exist by reason of acts of the insurer inconsistent with an intention on its part to enforce the condition.